## SUPREME COURT.

### Arnold and others agt. Ringold and wife.

A *married woman* sued with her husband, in respect to her separate estate, may put in a separate *demurrer*.

The acts of 1848 and 1849, have made no change with regard to the personal liability of a married woman; where she has a separate estate, her obligations incurred on the faith of it, or for the benefit of it, are enforced, where capable of being enforced, as a *charge*, and never as a personal liability. But it is essential that it should expressly appear that she charged her separate estate; this is the *gravamen* of the claim.

When in general language it is declared that "a married woman cannot make a contract," it is meant that she cannot make a contract charging herself *personally*. But she can incur a debt by the purchase of goods or any other obligation, and such are contracts, and make them a charge on her separate estate, although she may not be *personally* liable.

*New-York Special Term, April,* 1858.
Demurrer to complaint.

——————— *for defendants.*
——————— *for plaintiffs.*

Clerke, Justice. It is objected by plaintiff's counsel, that a married woman cannot put in a separate demurrer without leave of her husband. This, perhaps, contains the general rule, where she is merely joined as a defendant formally with her husband; but where she is proceeded against in respect to her separate estate, she must be treated and may act as a *feme sole*, whether her husband is or is not united with her in defence of the action. If the rule was so rigorous as the counsel contends; a married woman when sued by her husband, as in some cases she can be, would be under the necessity of asking permission to do what it probably would be against his interest to grant, and she would thus be entirely in the power of her opponent, placing her separate rights practically at his disposal.

Arnold and others agt. Ringold and wife.

The acts of 1848 and 1849, have made no change with regard to the personal liability of a married woman. Where she has a separate estate, her obligations incurred on the faith of it, or for the benefit of it, are enforced when capable of being enforced, as a *charge*, and never as a personal liability. But it is essential that it should expressly appear that she charged her separate estate; this is the *gravamen* of the claim, and is indispensable to the remedy, which the plaintiff asks the court to afford.

In the complaint before me, however, this allegation is not only omitted, but it is affirmed that the goods were sold and delivered to the husband; the counsel giving as an excuse for this inconsistent allegation, that an allegation stating that they were sold and delivered to the wife, would have been bad, as she cannot make a contract. This is a mistake, and a very common mistake. When in general language it is declared, that "a married woman cannot make a contract," it is meant that she cannot make a contract charging herself personally. But as we know, she can incur a debt or any other obligation, and make it a charge on her separate estate. And what is this, if it is not a contract? She could, therefore, have purchased these goods from the plaintiffs, and although not personally liable for the payment of them, if she has a separate estate and has expressly charged it with this obligation, (which must be alleged and proved,) the court will enforce its collection, by fixing it as a lien upon her estate, if she has one. The complaint contains no allegations of this nature; but as I have said, contains one inconsistent with the idea that the obligation was incurred by her. She could indeed, charge her estate as security for her husband's obligation, but this is not pretended.

Judgment for the defendants on the demurrer, unless the plaintiffs amend within ten days, and pay the costs of the term.